IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITRIN PREFERRED INSURANCE COMPANY, LAURENCE J. ELLIOTT, and JACQUELINE ELLIOTT, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. CIV-06-816-L |
| COAST BOUND, LLC, MONARCH INNOVATIVE HOMES, LLC, and MICHAEL H. WRIGHT, ) ) ) ) | |
| Defendants. ) | |

## **O R D E R**

On August 3, 2004, an aircraft crashed into a home owned by plaintiffs Laurence and Jacqueline Elliott, causing the death of the passengers aboard the aircraft and extensive property damage to the Elliott's home. Plaintiffs commenced an action against defendant Michael H. Wright ("Wright") and others in the United States District Court for the Western District of Texas. Wright sought dismissal of that action. His Motion to Dismiss for Improper Service of Process and 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction were referred by the presiding judge to a United States Magistrate Judge. The Magistrate Judge prepared a thorough Report and Recommendation, recommending that the district court should decline to dismiss for lack of proper service, but that Wright's motion to dismiss for lack of personal jurisdiction should be granted. The district court approved and accepted the Report and

Recommendation, specifically rejecting the plaintiffs' objection that the Magistrate Judge acted as a fact finder, far exceeding the scope of review allowed under Fed. R. Civ. P. 12(b)(2).  The district court entered its order granting Wright's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, and dismissed Wright as a defendant.

This matter is before the court on Wright's Motion to Dismiss for Failure to State a Claim **[Doc. No. 17]**.[1]  In the motion, Wright argues that plaintiffs' action against him should be dismissed on the grounds of res judicata.  For the reasons stated below, the court finds that Wright's dismissal in the Texas federal court for lack of personal jurisdiction has no res judicata effect in this action because the dismissal was not a final judgment on the merits.

The Tenth Circuit has held that the doctrine of res judicata, or claim preclusion, prevents a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment.  MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005) (citation omitted).  Claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits.  Id. (citation omitted).  If these requirements are met, res judicata is appropriate, unless the party seeking to avoid preclusion did not have

---

[1] The Motion to Dismiss was combined with defendant Wright's Answer and Affirmative Defenses.  As such, the motion fails to comply with LCvR7.2(c) which clearly provides that all motions must be separate filings.  The court will consider the improperly filed motion in the exercise of its discretion.  Counsel are urged to familiarize themselves with the court's local rules.

a "full and fair opportunity" to litigate the claim in the prior suit.  Id. (citation omitted).

Here, the first element is lacking and the doctrine of res judicata does not bar plaintiffs' claims against Wright in this lawsuit.  A court without jurisdiction over the parties cannot render a valid judgment.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).  In the absence of personal jurisdiction, it would be inappropriate for the court to proceed to the merits of a claim.  These elementary principles were well summarized by the court in Clark v. Meijer, Inc., 376 F. Supp. 2d 1077, 1083-1084 (D.N.M. 2004), as follows:

> If a court determines that personal jurisdiction is lacking as to some or all of the defendants, all other claims and issues related those claims brought against those defendants are rendered moot.  *See Daugherty v. U.S.*, 73 Fed. Appx. 326, 329-30, 2003 WL 21666677, *2 (10th Cir. 2003). The court should then dismiss the claims without prejudice on jurisdictional grounds.  *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999).  As the United States Court of Appeals for the Eleventh Circuit explained, by dismissing without prejudice:
>> [The] holding does not preclude further litigation of the[ ] claims on the merits, but it does preclude that litigation from occurring in [courts bound by the same jurisdiction limits].  *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("A dismissal for lack of jurisdiction . . . does not preclude a subsequent action in an appropriate forum.").  In other words, a dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue.  *See North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432-33 (11th Cir. 1993).
> *Id.  See Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1251 (10th Cir. 1978) (holding that "a state court judgment deciding that there was no personal jurisdiction over defendant had, inter alia, reached the merits of the

jurisdictional issue and as such is res judicata, precluding relitigation thereof between" the same parties in federal court sitting in the same jurisdiction as the state court); *id.*, 582 F.2d at 1255-56 n. 10. Dismissing the case for lack of personal jurisdiction, therefore, acts as res judicata in the courts subject to the same jurisdiction limits, but does not preclude litigation of the merits in a court with jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d at 1221.

In examining the procedural history of this case in light of these authorities, the court concludes that Wright's res judicata argument is without merit. The dismissal of Wright by the Texas federal court due to lack of personal jurisdiction was not a final judgment and does not preclude litigation in this court on the merits of plaintiffs' claims.

Accordingly, Defendant Michael Wright's Motion to Dismiss for Failure to State a Claim **[Doc. No. 17]** should be and is hereby **DENIED** in its entirety.

It is so ordered this 27th day of October, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge